IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SAMUEL HARTMAN                                                           PETITIONER

         VS.                        Case No. 2:17-cv-02192-PKH-MEF

WENDY KELLEY, Director
Arkansas Department of Correction                                      RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a

Person in State Custody filed on October 16, 2017 by Petitioner, Samuel Hartman ("Hartman").

(ECF No. 1).   A response was filed by Respondent on February 12, 2018.   (ECF No. 14).

Hartman filed a Reply on February 16, 2018.   (ECF No. 20).   The Court conducted an evidentiary

hearing on April 30, 2019.   The matter is ready for Report and Recommendation.

### I.  Background

On July 3, 2013, an Information was filed against Hartman in the Circuit Court of Franklin

County, Arkansas, alleging that Hartman had committed the offenses of rape (A.C.A. § 5-14-

103(a)(3)(A)); tampering with physical evidence (A.C.A. § 5-53-111(a)); third degree assault on

a family or household member (A.C.A. § 5-26-309); and, first degree interfering with emergency

communication (A.C.A. § 5-60-124).   (ECF No. 14-4, pp. 9-10).   Hartman's retained counsel,

Ernie Witt ("Witt"), entered his appearance on behalf of Hartman, entered a not guilty plea on

Hartman's behalf, and waived formal arraignment.   (ECF No. 14-4, p. 17).

A jury trial was held on November 21-22, 2013.   (ECF No. 14-4, p. 57).   At the

conclusion of the trial, the jury returned its verdicts finding Hartman guilty of the rape, tampering

with physical evidence, and first degree interfering with emergency communication charges (ECF

–1–

No. 14-4, pp. 36, 37, 39), and not guilty of the third degree assault on a family or household member charge (ECF No. 14-4, p. 38).   Sentencing verdicts recommended: life imprisonment on the rape charge (ECF No. 14-4, p. 40); six years imprisonment and a $10,000 fine on the tampering with physical evidence charge (ECF No. 14-4, p. 41); and, a $2,500 fine of the first degree interfering with emergency communication charge (ECF No. 14-4, p. 42).   The trial court imposed the recommended sentences in a Sentencing Order entered on November 27, 2013.   (ECF No. 14-4, pp. 43-46).

Hartman appealed his conviction to the Arkansas Supreme Court, and he presented the following points on appeal: (1) insufficiency of the evidence to support the rape conviction (ECF No. 14-2, pp. 2-4); (2) insufficiency of the evidence to support the tampering with physical evidence conviction (ECF No. 14-2, pp. 4-7); (3) error by not excusing a juror with a connection to the alleged victim's family (ECF No. 14-2, pp. 7-9); and, (4) error by not permitting the lesser included offense of sexual assault in the second degree to be offered (ECF No. 14-2, pp. 9-13). Hartman did not appeal his misdemeanor conviction for interfering with an emergency communication.[1]

In an opinion delivered on January 29, 2015, the Arkansas Supreme Court affirmed Hartman's conviction for rape and reversed and dismissed his conviction for tampering with physical evidence.   *Hartman v. State*, 2015 Ark. 30, 454 S.W.3d 721 (*Hartman I*).   Hartman had argued on appeal that the trial court erred when it denied his directed verdict motions; and, more specifically, he argued that the victim, E. R., gave inconsistent statements to her mother and a

---

[1] *Hartman I*, 2015 Ark. 30, at 1 n. 1, 454 S.W.3d at 723 n. 1.

forensic psychologist, that E. R. had a motive to lie, and that no physical findings corroborated E. R.'s testimony that penetration had occurred.   (*Hartman I*, 2015 Ark at 3).   In its opinion, the Arkansas Supreme Court declined to consider Hartman's sufficiency of the evidence argument on the rape conviction because trial counsel's motions for a directed verdict "did not raise these specific arguments, and these issues are not preserved for review."   (*Id*.).

On April 13, 2015, Hartman filed a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure in the trial court.   (ECF No. 14-8, pp. 22-32).   Hartman asserted the following grounds for post-conviction relief, all related to ineffective assistance of counsel, to wit:

(1) instructing Hartman that there was no need for him to testify (*Id*., p. 23);

(2) making improper and unauthorized statements and prejudicial and improper closing argument (*Id*., pp. 23-24);

(3) failing to object to hearsay in the guilt/innocence phase (*Id*., p. 24);

(4) failing to present opinion evidence concerning truthfulness of the accuser (*Id*., pp. 24-25);

(5) failing to present evidence of chlamydia (*Id*., p. 25);

(6) failing to challenge the recording of Hartman's telephone conversation with his mother (*Id*., p. 25);

(7) failing to present evidence impeaching the credibility of the accuser and showing motive for false testimony (*Id*., pp. 25-26);

(8) failing to move for removal of a juror with a connection to the alleged victim's family (*Id*., p. 26);

(9) failing to present sentencing testimony (*Id*., p. 26); and,

(10) failing to object to hearsay evidence in the sentencing phase (*Id*., p. 27).

The State's response was filed on October 27, 2015.   (*Id*., pp. 43-51).

A hearing on the Rule 37 petition was held on November 5, 2015.   (*Id*., p. 75).   Trial counsel, Witt, testified during the hearing, as did Hartman, Annette White (Hartman's mother), and Christine Hartman (Hartman's wife and E. R.'s mother).   An Order denying Hartman's petition for post-conviction relief was entered by the Circuit Court of Franklin County, Arkansas on December 29, 2015.   (*Id*., pp. 52-58).   Among the Circuit Court's findings was a finding that Witt was not ineffective in failing to bring out the fact that Hartman and his wife had chlamydia, but the victim did not, because Witt was not informed of it.   (*Id*., p. 54).   On January 21, 2016, Hartman filed a Motion for Reconsideration on the basis that post-conviction counsel located Witt's trial preparation notes which confirmed that Witt had, in fact, been informed of the chlamydia issue.   (*Id*., pp. 59-60).   A copy of Witt's note reflecting "wife had clamedia (sic) - ended up both had clamedia (sic)" was attached to the motion.   (*Id*., p. 61).   The State's response to the motion was filed on January 26, 2016.   (*Id*., pp. 64-65).   The Circuit Court summarily denied the motion on February 4, 2016.   (*Id*., p. 66).

Hartman appealed the denial of post-conviction relief to the Arkansas Supreme Court.   On appeal, Hartman argued the following points: (1) the Circuit Court erred in holding there was a proper strategic or tactical basis for trial counsel disparaging his own client during closing argument (ECF No. 14-3, pp. 3-13); (2) the Circuit Court erred in denying his claim that counsel was ineffective by failing to object to hearsay testimony (*Id*., pp. 13-17); and, (3) the Circuit Court erred in denying his motion for reconsideration to address the evidence that Hartman and his wife

–4–

had chlamydia but the accuser did not (*Id*., pp. 17-19).  Finding that the decision to make derogatory remarks about Hartman during closing argument of the guilt or innocence phase was reasonable trial strategy, that counsel's failure to object to the police officer's hearsay testimony did not prejudice Hartman, and that Hartman was not entitled to a rehearing of his post-conviction claim that he and his wife had a sexually transmitted disease (STD) and the victim did not, the Arkansas Supreme Court affirmed the denial of post-conviction relief in an opinion issued on January 19, 2017.  *Hartman v. State*, 2017 Ark. 7, 508 S.W.3d 28 (*Hartman II*).

Hartman then timely filed his Petition under § 2254 on October 16, 2017.  (ECF No. 1). Hartman alleges six grounds for relief, which can be summarized as follows:

(1) the Arkansas courts erred by finding that Hartman's trial counsel provided effective assistance of counsel in that trial counsel disparaged his own client before the jury without any proper strategic or tactical basis to do so (ECF No. 1, p. 5; ECF No. 2, pp. 7, 37-42, 52-89);

(2) the Arkansas courts erred by finding that Hartman's trial counsel provided effective assistance of counsel in that trial counsel failed to object to the police officer's hearsay testimony regarding what the alleged victim's mother told him about Hartman grabbing a cell phone away from her (ECF No. 1, p. 7; ECF No. 2, pp. 7-8, 42-45, 90-114);

(3) the Arkansas courts erred by refusing to permit and consider supplementation to the record evidence in the post-conviction proceedings which went to Hartman's ineffective assistance of counsel claim that trial counsel failed to present evidence that Hartman and his wife had an STD, chlamydia, while the alleged victim did not (ECF No. 1, p. 8; ECF No. 2, pp. 45, 115-136);

(4) the Arkansas courts erred by finding sufficient evidence that Hartman committed the offense of rape (ECF No. 1, p. 10; ECF No. 2, pp. 9, 46, 137-144);

–5–

(5) the Arkansas courts erred by allowing Hartman's trial to proceed despite there being a juror allowed to deliberate on his guilt who had a clear connection to the alleged victim's family (ECF No. 1, p. 10; ECF No. 2, pp. 9, 46-47, 145-154); and,

(6) the Arkansas courts erred by failing to provide a jury instruction and permit argument on the lesser-included offense of sexual assault in the second degree (ECF No. 1, p. 10; ECF No. 2, pp. 9, 47, 154-163).

Hartman also asserts he was unconstitutionally prejudiced in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution in that the Arkansas courts erred by failing to provide post-conviction relief on the basis of "cumulative error." (ECF No. 2, pp. 163-165). Hartman alleges that all grounds for relief being asserted have been properly exhausted in state court. (ECF No. 1, pp. 5, 7, 8, 10; ECF No. 2, pp. 7, 10, 54, 92, 116, 137, 145, 156).

Respondent, Wendy Kelley, Director of the Arkansas Department of Correction, admits that Hartman is in her custody pursuant to his Franklin County Circuit Court conviction and sentence for rape, and that Hartman has no unexhausted, non-futile state remedies available to him. (ECF No. 14, p. 4). Respondent denies that Hartman is entitled to any habeas corpus relief in this action. (*Id*.).

On September 20, 2018, the undersigned issued an order deeming it necessary to hold an evidentiary hearing on Hartman's ineffective assistance of counsel claim with respect to the failure to present evidence at trial that Hartman and his wife both had chlamydia and the victim did not. (ECF No. 21). The Court scheduled an evidentiary hearing for January 15, 2019, to determine whether Hartman could establish "cause and prejudice" to overcome a procedural default, or to avoid a "fundamental miscarriage of justice," and to consider, pursuant to *Strickland v.*

*Washington*, 466 U.S. 668 (1983), the merits of Hartman's ineffective assistance of counsel claim based upon the chlamydia issue.  (*Id.*, p. 4).  The hearing was later rescheduled on Hartman's motion to April 30, 2019.  (ECF No. 27).  On March 26, 2019, the State filed a motion asking the Court to reconsider its decision to conduct an evidentiary hearing.  (ECF No. 37).  The Court denied the motion on April 3, 2019 (ECF No. 45), and conducted an evidentiary hearing on April 30, 2019, at which the parties appeared and presented evidence and argument in connection with Hartman's ineffective assistance of counsel claim on the chlamydia issue.

## II.  Discussion

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be entertained only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Before seeking federal habeas review, a state prisoner must exhaust available state remedies, giving the state the opportunity to correct alleged violations of prisoners' federal rights, "which means he must 'fairly present' his claim in each appropriate state court to alert that court to the claim's federal nature." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see* 28 U.S.C. §§ 2254(b) and (c) (requiring state prisoner seeking federal habeas relief to exhaust all remedies available in the state courts).  When a habeas petitioner fails to raise his federal claims in state court, he deprives the state of "an opportunity to address those claims in the first instance" and frustrates the state's ability to honor his constitutional rights.  *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).  Therefore, when a habeas petitioner defaults his federal claims by failing to raise them in state court in compliance with the relevant state procedural rules, federal habeas review is barred unless the petitioner can demonstrate "cause" for the default and "actual

prejudice" as a result of the alleged violation of federal law, or alternatively, demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice.  *Id.*; *Coleman v. Thompson*, 501 U.S. at 750.

A thorough review of Hartman's petition and the record in this case conclusively shows that Hartman was denied the effective assistance of counsel in violation of his Sixth Amendment rights as his trial counsel wholly failed to conduct a pretrial investigation into an available defense strategy, and the undersigned recommends that a writ of habeas corpus issue and Hartman be released unless the State tries Hartman within one hundred twenty (120) days.

### Factual Background

In the third issue raised in Hartman's petition, he contends that the Arkansas courts erred by refusing to permit and consider supplementation to the record evidence in post-conviction proceedings which went to his allegation of ineffective assistance of trial counsel regarding the chlamydia issue.  (ECF No. 1, pp. 8-10; ECF No. 2, pp. 8, 115-37).  Hartman alleges he should have been permitted to present proof that he and his wife had chlamydia, a sexually transmitted disease, but his accuser did not, and that trial counsel "neglected to present this most important forensic evidence which would have contributed significantly to the defense's attempt to disprove the allegation of rape."  (ECF No. 2, p. 8).

At the Rule 37 hearing before the Franklin County Circuit Court, post-conviction counsel, Jeff Rosenzweig ("Rosenzweig"), presented evidence that Hartman and his wife, Christine, contracted chlamydia, a sexually transmitted disease, and they told Witt about it.  (ECF No. 14-8, pp. 145-46, 162-63; ECF No. 14-9, p. 42).  Witt testified that he had no recollection of hearing about this evidence.  (ECF No. 14-8, p. 91).  Shortly after the conclusion of the hearing,

–8–

Rosenzweig located and submitted to the trial court a copy of some notes taken by Witt before trial, during his investigation, which revealed that *he had been* specifically told about the couple's chlamydia infection.  (*Id.*, p. 61).  However, prior to Rosenzweig providing this note, the trial court issued its ruling denying Petitioner's Rule 37 motion, finding, in pertinent part, that Witt was not ineffective for failing to present evidence of the infection *because he was not aware of it*, and Hartman failed to demonstrate the evidence was relevant to the issue of whether a rape had been committed.  (*Id.*, pp. 52-58).  Witt's note was submitted to the trial court in a Motion to Reconsider (*Id.*, pp. 59-61), which motion the trial court summarily denied (*Id.*, p. 66).

On appeal, the Arkansas Supreme Court held Hartman failed to show a sufficient basis to establish an exception to Arkansas Rule of Criminal Procedure 37.2(d) barring a rehearing of a circuit court's decision on a Rule 37 petition stating:

> "…there is no indication that the evidence was unavailable to appellant before that time or that it had somehow been wrongfully withheld.  As such, it appears that appellant simply failed to discover evidence he could have used to impeach Witt at the hearing.  Under these circumstances, appellant's motion for reconsideration was improper, and the circuit court did not err by denying it."

*Hartman II*, 508 S.W.3d. at 33-34.

Hartman asserts this issue was exhausted as it was raised in his Rule 37 motion, his Motion for Reconsideration, and in his post-conviction appeal to the Arkansas Supreme Court. The State contends that Hartman's claim is procedurally barred from review.   Additionally, the State claims that Hartman's argument that the state post-conviction court abused its discretion in not granting his motion for reconsideration is not cognizable in these proceedings as it was based purely on state law.

The State contends Hartman did not raise his claim that trial counsel was ineffective by

–9–

failing to present the chlamydia evidence in his appeal from the denial of post-conviction relief, and, therefore, the Arkansas Supreme Court did not review the merits of it.   Accordingly, the State argues that the Arkansas Supreme Court disposed of the claim on adequate and independent non-federal grounds and the claim is procedurally barred from review.   And, the State further argues, since Hartman has not demonstrated cause and prejudice to overcome the procedural default, the claim should be dismissed.

In the alternative, the State contends Hartman's ineffective assistance of counsel claim is meritless because the circuit court said the chlamydia evidence was collateral to the central issue of penetration and was not relevant.   The State furthers this argument by stating that no evidence was presented in the state post-conviction proceedings that showed Hartman had chlamydia during the times he was alleged to have penetrated E. R., or that E. R. did not have chlamydia, or that penetration necessarily would have resulted in the transmission of chlamydia.   The State suggests that such evidence would have been inadmissible, therefore trial counsel was not ineffective for failing to present it.   As explained herein, the failures of Hartman's trial counsel and post-conviction counsel to obtain and present such evidence is at the core of these proceedings.

Hartman replies that he can overcome any procedural default of his claim by a showing of cause and prejudice or fundamental miscarriage of justice.   *Collier v. Norris*, 485 F.3d 415 (8th Cir. 2007).   The undersigned agrees.

**Procedural Default**

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the

alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750 (1991).  However, where under state law claims of ineffective assistance of counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.  *Martinez v. Ryan*, 566 U.S. 1, 14 (2012).

Under *Trevino v. Thaler*, 569 U.S. 413 (2013) and *Martinez*, ineffectiveness of counsel in initial collateral proceedings may establish cause to excuse the procedural default of an ineffective assistance of trial counsel claim.  *Trevino*, 569 U.S. at 429; *Sasser v. Hobbs*, 735 F.3d 833, 853-54 (8th Cir. 2013).  In order to excuse the procedural default of a claim, Hartman must show that his state post-conviction counsel failed to raise the effectiveness claim, and that the claim merits relief.  *Sasser*, 735 F.3d at 853-54 (8th Cir. 2013).

As previously stated, Rosenzweig presented evidence at the Rule 37 hearing that Hartman and his wife contracted the sexually transmitted disease, chlamydia, and they told Witt about it. (ECF No. 14-8, pp. 145-46, 162-63; ECF No. 14-9, p. 42).  Witt testified at the Rule 37 hearing that he had "no recollection whatsoever" of any discussion with Hartman about the chlamydia evidence.  (ECF No. 14-8, p. 91).  After the evidentiary hearing and the trial court's ruling to deny Rule 37 relief, Rosenzweig located and submitted to the trial court a copy of Witt's notes, made before trial and during his investigation of the case, which confirmed that Witt *had been* told about the couple's chlamydia infection, and, thus, Witt had failed to investigate the issue.  (ECF No. 14-8, pp. 59-61).  The trial court, however, summarily denied Hartman's motion for reconsideration related to this evidence in a one sentence order.  (*Id*., p. 66).  As a result, the issue

−11−

was once again not properly investigated or presented.

At the evidentiary hearing before this Court, Witt was presented with his notes and he again testified that he was not made aware of the chlamydia evidence prior to trial. Witt stated the notes were "possibly" a result of discussions with Hartman prior to Witt's closing argument, and that was his "best guess" as to when he made the notes.[2] Witt also admitted the chlamydia note *could have* been made prior to trial. He testified that he had co-counsel in the case, with whom he had discussed chlamydia, but he again (and inconsistently) maintained he was unaware of the chlamydia issue prior to trial.

Hartman's post-conviction counsel, Rosenzweig, also testified at the evidentiary hearing before this Court. It was his opinion that the chlamydia evidence was significant and would have at least affected the Arkansas Supreme Court's credibility consideration of Witt. Rosenzweig stated he did not remember seeing the chlamydia note at the time of the Rule 37 hearing, and he only found it after the Rule 37 hearing. He then filed a motion to reconsider which was denied. He conceded, however, that he had Witt's notes, including the chlamydia note, before the Rule 37 hearing, and he candidly admitted "I just missed that." The Rule 37 hearing had been held on November 5, 2015, and Rosenzweig related that on the Sunday after Thanksgiving that year he suffered a traumatic brain injury which took some time to recover from. He testified that Witt, being unaware of the chlamydia issue at trial, could not have made a strategic decision not to use the chlamydia evidence at trial. He also stated it was not a strategy of his not to use the chlamydia

---

2 This "possibility" makes no sense given that no evidence had been presented at trial regarding the issue of chlamydia. Further, Witt's notes for his closing argument appeared below a heading "Closing Argmt" (ECF No. 14-9, p. 21), while the chlamydia note was on a separate sheet of notes (ECF No. 14-8, p. 61).

note to impeach Witt at the Rule 37 hearing.

Based upon these facts, the Court finds Hartman has shown cause for the procedural default based upon the ineffectiveness of his post-conviction counsel. Despite Rosenzweig having possession of irrefutable evidence that directly contradicted Witt's testimony that he was never informed of this potential defense strategy prior to trial, such evidence was not timely presented to the trial court during the Rule 37 hearing. Thus, Hartman was not only deprived of the chlamydia evidence at trial, but he was also denied an opportunity to fully present his ineffective assistance of trial counsel claim during the post-conviction proceedings. The Court further finds that Hartman suffered actual prejudice as his *Strickland* claim merits relief.

### *Strickland* Analysis

To prove a claim of ineffective assistance of counsel, a criminal defendant must demonstrate both that counsel's performance was deficient, and that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. To establish the deficient performance prong of the *Strickland* test, one must show that counsel's representation fell below the "range of competence demanded of attorneys in criminal cases." *Id*. at 688. Review of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689. Moreover, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). Courts also "do not use hindsight to question counsel's performance," but instead must analyze it according to counsel's situation at the time of the allegedly incompetent act or omission. *Kenley v. Armontrout*, 937 F.2d 1298, 1303 (8th Cir.

1991).  If one fails to establish deficient performance by counsel, the court need proceed no further in its analysis of an ineffective assistance of counsel claim.  *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

To establish the prejudice prong of the *Strickland* test, one must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  The United States Supreme Court has clarified that the proper prejudice analysis is whether "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (quoting *Strickland*, 466 U.S. at 687).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, *et seq.* (1996), "the bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' is a high one."  *Allen v. Chandler*, 555 F.3d 596, 600 (7th Cir. 2009).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."  *Harrington v. Richter*, 562 U.S. 86, 105 (2011).  "However, if a state court does not reach either the issue of performance or prejudice on the merits, then 'federal review of [that prong]…is *de novo*.'"  *Sussman v. Jenkins*, 636 F.3d 329, 350 (8th Cir. 2011).  As Hartman never received a ruling on the merits of this issue in state court, we must apply a *de novo* standard of review and no deference under the AEDPA is due.

The Eighth Circuit has consistently held that strategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable, and strategic choices made after a less than complete investigation are reasonable precisely to the

extent that reasonable professional judgments support the limitations on investigation. *United States v. Orr*, 636 F.3d 944, 952 (8th Cir. 2011). "On the other hand, strategic choices 'resulting from lack of diligence in preparation and investigation [are] not protected by the presumption in favor of counsel.'" *Armstrong v. Kemna*, 534 F.3d 857, 864-65 (8th Cir. 2008). "In other words, the strength of the general presumption that counsel engaged in sound trial strategy 'turns on the adequacy of counsel's investigation.'" *Francis v. Miller*, 557 F.3d 894, 901 (8th Cir. 2009).

In this case, there was no investigation, and no strategic decision not to investigate, because Witt maintained he was unaware of the chlamydia evidence before and at trial. Therefore, there is no presumption of adequate representation. Counsel had an obligation to investigate the facts and circumstances of the case, and to explore all avenues leading to facts relevant to the merits of the case and Hartman's defense. This was simply never done in this case regarding the chlamydia evidence and defense.

Reasonable performance of counsel includes an adequate investigation of the facts, consideration of viable theories, and development of evidence to support those theories. An attorney must make a reasonable investigation in preparing a case or, alternatively, make a reasonable decision not to conduct a particular investigation. *Kenley*, 937 F.2d at 1304. Before an attorney can make a reasonable strategic choice against pursuing a certain line of investigation, the attorney must first obtain the facts needed to make the decision. *Id*. Although we generally give great deference to an attorney's informed strategic choices, we closely scrutinize an attorney's preparatory activities. *Chambers v. Armontrout*, 907 F.2d 825, 831, 835 (8th Cir. 1990).

A tactical decision to pursue one defense does not excuse failure to present another defense that "would bolster rather than detract from [the primary defense]." *Lawrence v. Armontrout*, 900

–15–

F.2d 127, 130 (8th Cir. 1990).   Here, Hartman's trial counsel did not investigate the chlamydia evidence and defense at all - much less well enough to make a reasonable strategic decision on whether to present it at trial.   Thus, the undersigned finds Witt's performance at trial was deficient under the *Strickland* standard.

To show his attorney's deficient performance prejudiced him, Hartman need not show that he could not have been convicted.   Instead, he need only undermine confidence in the trial's outcome.   *Alexander*, 985 F.2d at 978.   Hartman "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

At trial, the State's theory of the case was that Hartman raped E. R. multiple times over a period of years.   At the very least, the chlamydia evidence should have been investigated and presented to raise reasonable doubt and to be weighed against E. R.'s testimony at trial.   During the trial, E. R. testified that Hartman raped her repeatedly by penetration of her vagina with his penis.   She said it happened in her room, on a camp out, and at her grandfather's house, and that it happened on more than one occasion at each location.   (ECF No. 14-6, pp. 138-140; ECF No. 14-7, p. 17).   Hartman's primary defense was the denial that any rape had occurred.   Evidence that Hartman and his wife had contracted chlamydia, a sexually transmitted infection, during the relevant time frame, but that the alleged rape victim did not would have bolstered Hartman's primary defense.

Additionally, E. R.'s testimony was the only evidence the State presented of the essential element of penetration required to prove its rape charge.   E. R. testified that she told the Hamilton

House interviewer what she had told her mother - that Hartman only touched her on the outside of her clothes - but, the interviewer left the room a couple of times and came back to ask more questions about whether Hartman had touched her on the inside too, and E. R. eventually told the interviewer that Hartman had penetrated her vagina with a finger and with his penis.   (ECF No. 14-6, pp. 149-152; ECF No. 14-7, p. 3).   E. R. said the interview was then ended and she went in and saw a nurse or doctor for a medical exam.   (ECF No. 14-7, p. 4).   After her examination, she was told that she was fine.   (*Id*., pp. 5-6).   Regarding the consistency of her reports, E. R. testified that "[t]hey might be changed a little because most of the time every time I tell the story it always ends up a little bit different."   (*Id*., p. 12).

Admitted into evidence during this Court's evidentiary hearing were Witt's handwritten notes that were the basis of Rosenzweig's motion to reconsider the denial of Rule 37 relief.   Witt had written "wife had clamedia (sic) ended up both had clamedia (sic)."   Also admitted were the positive test results of a chlamydia test for Hartman's wife dated February 28, 2011, and a report from the physical examination of E. R. performed at the Hamilton House on May 6, 2013.   The latter report specifically documented there were no signs or symptoms of acute or healed penetrating trauma of E. R.'s vagina or anus and that her hymen was intact.   There was no testing performed on E. R. for the presence of chlamydia or any other sexually transmitted diseases.

Hartman also presented testimony from a medical expert, Gregory H. Gilbert, M.D., an emergency department physician at the Stanford University Medical Center, regarding the high transmission rate of chlamydia through vaginal and/or anal penetration.   Dr. Gilbert testified that it was not possible to transmit chlamydia to a child with an intact hymen and who exhibited no evidence of anal/vaginal penetration.

–17–

The foregoing is all evidence that would have been important for the jury to consider.   The fact that Witt never pursued this avenue of investigation was prejudicial to Hartman's defense and his right to a fair jury trial.   Assuming E. R. would not have tested positive for chlamydia had Witt pursued this strategy, that fact would have weighed in Hartman's favor and bolstered his defense that no rape occurred.   Additionally, as the State itself brought out on cross-examination of Dr. Gilbert, the transmission of chlamydia was not even possible if, as documented by the Hamilton House report, the purported victim's hymen was intact and there was no evidence of anal/vaginal penetration.   Instead, no corroborating evidence of E. R.'s testimony that penetration occurred was presented at Hartman's jury trial, and Witt presented none of this substantial evidence to the contrary because he failed to initiate any investigation into this defense.

Witt even took the high-risk strategy of admitting that Hartman had done some unsavory things but stopped short of rape, i.e., penetration.   Again, while not necessarily exculpatory on its own, the chlamydia evidence, at the very least, would have bolstered that defense and should have been investigated as a means of raising reasonable doubt and to challenge E. R.'s credibility.

Given the indisputable evidence of Witt's complete failure to pursue and develop evidence of a viable defense in the form of actual physical evidence and accompanying expert testimony, it is inconceivable that this deficient performance by trial counsel would not result in prejudice and fundamental unfairness.   The only evidence of penetration came from the uncorroborated testimony of the purported victim, and that testimony could have been directly contradicted by her examination report had trial counsel pursued an investigation of the chlamydia evidence.

As the Eighth Circuit stated in *Henderson v. Sargent*, 926 F.2d 706 (1991), "[t]here was everything to be gained, and nothing to lose, from presenting this evidence.   In *Lawrence*, we held

–18–

that a tactical decision to pursue one defense does not excuse failure to present another defense that 'would bolster rather than detract from' the primary defense.   900 F.2d at 130."

Without any evidence to contradict E. R.'s testimony that penetration had occurred, the jury that convicted Hartman had no reason to question the credibility of her testimony or the inferences the State drew from its otherwise circumstantial case.   This is not a case where the evidence against the accused was so overwhelming that the ineffective assistance of counsel might be deemed harmless.   The Court cannot discount the probability that a reasonable jury would have had reasonable doubt about Hartman's guilt had trial counsel adequately investigated and presented the chlamydia evidence in his defense at trial.

Based upon the foregoing, the undersigned concludes that trial counsel's failure to investigate and present the chlamydia evidence was not only constitutionally deficient, but also prejudicial.   Trial counsel's error was so serious as to deprive Hartman a fair trial; it deprived him of evidence that would have supported his primary defense - his argument that the State could not prove an essential element of its rape case, *i.e.*, penetration, beyond a reasonable doubt.   Trial counsel's wholesale failure to pursue an available defense strategy undermines the confidence in the outcome of Hartman's jury trial.

Accordingly, the undersigned recommends that habeas corpus relief be granted, and the State be directed to either release Hartman or to provide him a new trial within one hundred and twenty (120) days.

### III.   Conclusion

For the reasons and upon the authorities discussed above, it is recommended that Hartman's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State

–19–

Custody (ECF No. 1) be **GRANTED** as to Ground Three regarding ineffective assistance of counsel in failing to investigate and present the chlamydia evidence.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. §636(b)(1).   The failure to file timely written objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of July 2019.

/s/    *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE