UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SAMUEL HARTMAN                                                                                                  PETITIONER

v.                                  No. 2:17-CV-02192

STATE OF ARKANSAS, et al.                                              RESPONDENTS

**OPINION AND ORDER**

The Court has received a report and recommendations (Doc. 47) from United States Magistrate Judge Mark E. Ford. Respondents filed objections (Doc. 51) to the report and recommendations and Petitioner filed a response (Doc. 52) to the objections. The Magistrate Judge recommends that the Court grant the petition for a writ of habeas corpus. The Court has reviewed the report and recommendation de novo where Respondents objected. 28 U.S.C. § 636(b)(1). The Court has also reviewed the transcript of the evidentiary hearing (Doc. 50) and the trial documents and transcript (Docs. 14-4–14-9) that were filed in the state courts.

Petitioner's asserted grounds for relief arise out of claimed ineffective assistance of counsel at his trial and during his state Rule 37 hearing. Following *Strickland v. Washington*, 466 U.S. 668 (1983) and its progeny, fundamental to all habeas claims premised on ineffective assistance of counsel at trial is a showing that the claimed ineffective assistance prejudiced petitioner. Petitioner must show not just that the outcome of trial might have been different had the errors not been committed, but that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (quoting *Strickland*, 466 U.S. at 687).

After proceeding correctly through an analysis on procedural default, the Magistrate Judge ultimately recommended that the Court find that Petitioner's trial was fundamentally unfair. The

Magistrate Judge determined that at trial, the State proceeded on a theory that Petitioner raped a minor victim multiple times over a period of years, sometimes by penetrating her with his penis. Petitioner submitted evidence at the evidentiary hearing that he had informed his trial attorney that during the time period at issue, he and his wife contracted Chlamydia (a sexually transmitted infection) that did not respond to treatment. Dr. Gilbert, an emergency medicine physician at Stanford University, offered by Petitioner as an expert witness, testified at the evidentiary hearing that Chlamydia can be transmitted from an infected male to a female if semen enters her vagina. (Doc. 50, p. 70:9-12). When asked "Is it possible to transmit Chlamydia to a child whose hymen is intact and whose vagina and anus show no signs of acute penetration?" Dr. Gilbert responded "No." (Doc. 50, p. 71:14-17). Reviewing the minor victim's medical records following her report of repeated rapes, Dr. Gilbert opined that the lack of visual indication of trauma near the vagina and anus was not consistent with repeated sexual intercourse over the preceding three years. (Doc. 50, pp. 79:7–80:13). The Magistrate Judge concluded that the Chlamydia evidence should have been presented to counter the only evidence of penetration by Petitioner's penis—the minor victim's testimony—and that failure to present this evidence kept the jury from fully evaluating her credibility and undermined the fundamental fairness of the trial. (Doc. 47, pp. 16–18).

On a petition for a writ of habeas corpus the burden rests on the petitioner, who must not only produce evidence but persuade with that evidence. *Johnson v. Mabry*, 602 F.2d 167, 171 (8th Cir. 1979). In this case, the Court is not persuaded. The minor victim did not testify at trial that she and Petitioner engaged in repeated sexual intercourse over the preceding three years. Rather, she testified that Petitioner touched her "private part" or "crotch" with his finger and his penis. (Doc. 14-6, pp. 119:19–120:16). She testified that Petitioner touched "inside [her] privates." (Doc. 14-6, pp. 135:14–137:1). She testified that Petitioner's "private part" went inside her private

part. (Doc. 14-6, p. 138:4-14). She testified that these things happened on multiple occasions in multiple locations. (Doc. 14-7, pp. 16:14–17:3). When she was asked for details about how, exactly, Petitioner moved his finger inside her private part, she did not know. (Doc. 14-7, p. 16:10-13). The minor victim testified, however, that many of these instances began as a "snuggle," during which Petitioner would first touch the outside of her private part with his finger or his own private part. (Doc. 14-6, p. 118:12-17; p. 119:19–120:1; p. 141:4-11).

Dr. Gilbert opined that repeated sexual intercourse over a period of three years should have resulted in visual signs of trauma. Petitioner did not elicit from Dr. Gilbert what he meant by "sexual intercourse." The Arkansas rape statute under which Petitioner was convicted defines rape as "sexual intercourse or deviate sexual activity with another person . . . [w]ho is less than fourteen (14) years of age." Ark. Code Ann. § 5-14-103(a)(3). "Sexual intercourse" is defined for that statute as "penetration, however slight, of the labia majora by a penis." Ark. Code Ann. § 5-14-101(12). "Deviate sexual activity" is "any act of sexual gratification involving . . . [t]he penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person." Ark. Code Ann. § 5-14-101(1)(B). The labia majora are superficial to the hymen and vaginal opening, and based on his focus on the degree of trauma to the hymen,[1] Dr. Gilbert's working definition of sexual intercourse appears to require penetration not just of the labia majora, but of the vagina itself. That is, Dr. Gilbert's definition of sexual intercourse involves a greater degree of penetration than the Arkansas rape statute. Dr. Gilbert's opinion does not persuade the Court that trauma to the hymen must coincide (or even is likely to coincide) with slight penetration of the labia majora, whether by a finger or a penis.

---

[1] Dr. Gilbert explicitly testified that one reason the minor victim's testimony of repeated sexual intercourse was inconsistent with medical records was "Because the hymen is intact." (Doc. 50, p. 79:24).

3

The minor victim testified that Petitioner put his finger and penis inside her private part. She did not testify that Petitioner fully penetrated her vagina. She did not testify that Petitioner ejaculated inside her or otherwise put his bodily fluids inside her vagina—a necessity for Chlamydia infection, according to Dr. Gilbert. Petitioner has not shown that the Chlamydia evidence was inconsistent with the minor victim's testimony. The minor victim's testimony at trial provided sufficient factual basis for the jury to find that Petitioner slightly penetrated the minor victim's labia majora, and the absence of the Chlamydia evidence from that trial did not deprive Petitioner of a trial whose results are reliable. Petitioner has not made the showing of prejudice required by *Strickland* and its progeny, and the Court will deny the petition for a writ of habeas corpus and dismiss this case with prejudice.

Because the Court disagrees with the Magistrate Judge on this narrow issue, it will briefly address Petitioner's arguments regarding unanimity. Petitioner argues that the verdict form did not require the jury to indicate that it unanimously agreed on which of the two alternative means of committing rape—by penis, or by finger—it was convicting Petitioner. That is, the lack of specificity in the verdict form violates the unanimity principle, as the jury may have returned a divided verdict (with some jurors finding beyond a reasonable doubt that Petitioner committed the offense of rape on a particular occasion using his penis, and others finding that Petitioner committed the offense of rape on another occasion using his finger). The Arkansas Supreme Court "presumes that jurors follow the court's instructions." *Hampton v. State*, 437 S.W.3d 689, 693 (Ark. 2014). The trial court instructed Petitioner's jury that "[a]ll twelve of you must agree on the verdict." (Doc. 14-7, p. 55:10). This same instruction was enough to overcome concerns about a divided verdict for the Arkansas Supreme Court. *Hampton*, 437 S.W.3d at 693. It is enough here, as well.

IT IS THEREFORE ORDERED that the report and recommendations (Doc. 47) is ADOPTED IN PART as stated herein.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus (Doc. 1) is DENIED and this case is DISMISSED WITH PREJUDICE. Judgment will be entered separately.

IT IS SO ORDERED this 25th day of November, 2019.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE